UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

KIMBERLEE ANNE FUHRMANN,

Plaintiff,

v.

KILOLO KIJAKAZI,

Defendant.

Case No.  21-cv-02290-RMI

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER EAJA**

Re: Dkt. No. 27

Plaintiff has filed an application for an award of attorney's fees in the amount of $8,171.82 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (dkt. 27). Defendant has not responded to the motion.

## BACKGROUND

On September 19, 2022, the court issued an opinion and judgment granting Plaintiff's Motion for Summary Judgment and denying Defendant's Cross Motion for Summary Judgment. *See* (dkt. 25). The court found that the ALJ improperly rejected the opinion of a medical source— Dr. McAtee—by relying on "isolated snippets from the record," which were "largely taken out of context." *Id.* at 14. Given that "the overwhelming tide of the record evidence" supported the conclusions of Dr. McAtee, the court credited the opinion as true as a matter of law. *Id.* As to Plaintiff's own pain and symptom testimony, the court found that the ALJ's explanation for the rejection of this evidence was "neither clear, nor at all convincing." *Id.* at 16. As such, the court also credited Plaintiff's testimony as true as a matter of law. *Id.*

In light of these findings, the court remanded the case for an immediate calculation and award of benefits, reasoning that "the ALJ's unsupported conclusions were thoroughly negated by the entirety of the record evidence which conclusively establishes Plaintiff's longstanding

1    disability such that no further inquiry is necessary." *Id.* at 18-19.

2                                    **LEGAL STANDARD**

3           The purpose of the EAJA statute is to "eliminate financial disincentives for those who

4    would defend against unjustified government action and thereby to deter the unreasonable exercise

5    of government authority." *Guitierrez v. Barnhart*, 274 F.3d 1255, 1262 (9th Cir. 2001) (quoting

6    *Ardestani v. INS*, 502 US 129, 138 (1991)). To prevail on a motion for EAJA fees, the plaintiff

7    must be a prevailing party and the government's position must be without substantial justification.

8    *Hensley v. Eckerhart*, 461 US 424, 433 (1983).

9                                      **DISCUSSION**

10   **Plaintiff as Prevailing Party**

11          An applicant for Social Security benefits who receives a remand under sentence four of 42

12   U.S.C. §405(g) is a "prevailing party" and eligible for fees and costs under the EAJA. *Shalala v.*

13   *Schaefer*, 509 U.S. 292, 302 (1993). Plaintiff is therefore a prevailing party within the meaning of

14   the law. Because Plaintiff's net worth was less than $2,000,000 when the civil action was filed, she

15   is an eligible party under 28 U.S.C. § 2412(d)(2)(B).[1]

16   **Position of the United States Was Not Substantially Justified**

17          Because Plaintiff was the prevailing party in this case, the EAJA mandates an award of

18   attorney's fees "unless the court finds the position of the United States was substantially justified

19   or that special circumstances make an award unjust." 28 USC § 2412(d)(1)(A); *Thomas v.*

20   *Peterson*, 841 F.2d 332, 335 (9th Cir. 1998).  The Commissioner in this case bears the burden of

21   establishing that her position was "substantially justified." *Barnhart*, 274 F.3d at 1258. In order to

22   meet this standard, the government must show its position was "justified in substance or in the

23   main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*,

24   487 U.S. 552, 565 (1988) (internal quotation marks omitted). "Put differently, the government's

25   position must have a reasonable basis both in law and fact." *Meier v. Colvin*, 727 F.3d 867, 870

26   (9th Cir. 2013). Under the EAJA, both the "government's litigation position and the underlying

27

28
___
[1] The court granted Plaintiff's Application to Proceed in Forma Pauperis on April 8, 2021. *See* (dkt. 6).

*United States District Court*
*Northern District of California*

1   agency action giving rise to the civil action" must be substantially justified in order to avoid an

2   award of fees. *Id.* Thus, "[t]he government's position must be substantially justified at each stage

3   of the proceedings." *Id.* at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)

4   (internal quotation marks omitted).

5          In this circuit, "a holding that the agency's decision was unsupported by substantial

6   evidence is a strong indication that the position of the United States was not substantially

7   justified." *Meier*, 727 F.3d at 872 (internal quotations and modifications omitted); s*ee also*

8   *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a decidedly unusual

9   case in which there is substantial justification under the EAJA even though the agency's decision

10  was reversed as lacking in reasonable, substantial and probative evidence in the record"). In this

11  case, the court found that the ALJ's decision was afflicted with multiple and significant errors,

12  including the improper evaluation of both the opinion of Dr. McAtee and Plaintiff's own pain and

13  symptom testimony. In light of these and other significant flaws in the ALJ's ruling, the United

14  States' defense of that decision was not substantially justified.

15  **Plaintiff's Fee Request is Not Excessive**

16         Under the EAJA, Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A).

17  Determining whether the expenditure of time litigating a Social Security case was reasonable "will

18  always depend on case-specific factors including, among others, the complexity of the legal issues,

19  the procedural history, the size of the record, and when counsel was retained"—courts cannot

20  apply de facto caps limiting the hours attorneys can reasonably expend. *Costa v. Comm'r of SSA*,

21  690 F.3d 1132, 1136, 1137 (9th Cir. 2012).

22         Plaintiff's current attorney did not represent Plaintiff at the administrative hearing. Thus,

23  he first became familiar with the record while preparing to file Plaintiff's Motion for Summary

24  Judgment. Additionally, he reviewed and respond to the arguments made in Defendant's Cross

25  Motion. The court has reviewed the relevant materials and finds that the hours expended by

26  Plaintiff's attorney in litigating this action were a reasonable expenditure of time in light of the

27  circumstances of the case.

28         Generally, fees under the EAJA are not to exceed $125 per hour, "unless the court

United States District Court
Northern District of California

determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA statutory maximum hourly rate in the Ninth Circuit, adjusted for increases in the cost of living, was $217.54 for 2021 and $234.95 for 2022.[2] Plaintiff's attorney has provided a Declaration explaining that he spent at least 37.3 hours litigating this case, comprised of 33.1 hours in 2021 ($7,200.57) and 4.2 hours in 2022 ($972.25)[3]. *See* (dkt. 27-2)

Based on the foregoing, the court finds that Plaintiff meets the statutory requirements for an award of attorney's fees in the amount of $8,172.82 under the EAJA, 28 U.S.C. § 2412(d). Accordingly, Plaintiff's Motion for Attorney Fees under the EAJA in that amount is GRANTED

**IT IS SO ORDERED.**

Dated: January 17, 2023

ROBERT M. ILLMAN
United States Magistrate Judge

---

[2] *See* table set forth at: https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (citing 28 U.S.C. § 2412(d)(2)(A)).

[3] Plaintiff's attorney has requested an hourly rate of $231.49 for 2022.

4